THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK HARRY GREENWAY, Appellant.— Appeal by defendant from an order of the County Court of Washington County which denied his application for a writ of error in the nature of *coram nobis*, without a hearing. Defendant's only serious complaint is that he was sentenced on the same day he plead guilty without the delay of two days required by section 472 of the Code of Criminal Procedure. This may not be reviewed by way of a writ of error *coram nobis*. (*People* v. *Sullivan*, 3 N Y 2d 196; *People* v. *La Mere*, 4 A D 2d 840; *People* v. *Waterman*, 5 A D 2d 717.) Order affirmed. Bergan, J. P., Coon, Herlihy and Reynolds, JJ., concur; Gibson, J., taking no part.

In the Matter of the Claim of MARY MORRELLO, on Behalf of Herself and Minor Children, Respondent, against S. H. KRESS & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The claim is based on a purported aggravation of a carcinoma of the stomach from accidental causation when a truck moved while decedent was lifting and trying to hold a carton. It is now almost nine years since the accident happened in November, 1949. On a prior appeal (285 App. Div. 917) in 1955 we reversed an award and remitted the claim to the board. The memorandum of the court indicates that while the question of causal relation seemed to be one of fact with which we would not interfere, that the exclusion by the referee of medical opinion on causation offered by the carrier was improper and required remission to the board. On rehearing this evidence has been received; and with the record thus developed, the board has again found causal relationship. There is proof by a specialist in cancer surgery of association between the accident and decedent's death and proof in the same direction by a physician who performed the autopsy. All this presents a question of fact. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.